UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
FEB 2 5 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Clarence Edward Dade, )
)
      Plaintiff, )
) Case: 1:15-cv-00284
v. ) Assigned To : Unassigned
) Assign. Date : 2/25/2015
Brian A. Hawkins, ) Description: Pro Se Gen. Civil
)
      Defendant. )

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's *in forma pauperis* application and will dismiss the case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal "at any time" jurisdiction is found wanting).

Plaintiff, a resident of Santa Rosa, California, is "a former merit career federal employee" of the Veterans Administration Medical Center's Business Office in the District of Columbia. Compl. at 2. Plaintiff sues the Director of the Medical Center for wrongful termination. Challenging the procedures of his termination, plaintiff alleges, among other wrongs, that "[d]efendant employed a stepwise process purposely intending to usurp [his] basic employment rights[,]" Compl. at 1, and that his removal "was without cause, lacked due process and [was] wholly unlawful," *id.* at 2.

The Civil Service Reform Act ("CSRA") provides the exclusive remedy for adjudicating plaintiff's wrongful termination claim. *See Fornaro v. James*, 416 F.3d 63, 67 (D.C. Cir. 2005) ("recogniz[ing], in a variety of contexts, the exclusivity of the remedial and review provisions of

the CSRA") (citing *Spagnola v. Mathis*, 859 F.2d 223 (D.C. Cir. 1988) (en banc) (discussing exclusivity of the CSRA to adverse personnel decisions). The CSRA "provides for adjudication of all claims by OPM [the Office of Personnel Management] . . ., appeal of adverse decisions by OPM to the MSPB [Merit Systems Protection Board] . . ., and subsequent review of MSPB decisions in the [U.S. Court of Appeals for the] Federal Circuit[.]" *Fornaro*, 416 F.3d at 66 (citing 5 U.S.C. §§ 8347(b),(d)(1), 7703(b)(1), 28 U.S.C. § 1295(a)(9)). Plaintiff has no recourse in this Court. Consequently, this case will be dismissed without prejudice.[1] A separate Order accompanies this Memorandum Opinion.

/s/ 
United States District Judge

DATE: February 23rd, 2015

---

[1] The Court is mindful that a federal employee alleging that an adverse personnel decision violated one or more federal antidiscrimination laws "should" bring the so-called mixed case in the federal district court. *Kloeckner v. Solis*, 133 S.Ct. 596, 607 (2012). Plaintiff makes passing references to a medical condition but does not invoke any antidiscrimination laws or allege that the termination decision was based on his membership in a category protected by such laws. Hence, the Court finds that the instant complaint does not provide adequate notice of a claim over which this Court might have jurisdiction. *See* Fed. R. Civ. P. 8(a) (setting out the minimal pleading requirements). Moreover, there is no indication in the complaint that plaintiff has exhausted his administrative remedies by "first fil[ing] a discrimination complaint with the agency itself . . . [or] by bringing [his] case directly to the MSPB, forgoing the agency's own system for evaluating discrimination charges." *Kloeckner*, 133 S.Ct. at 601. The dismissal of this case without prejudice leaves the door open for plaintiff to amend the instant complaint or to plead his case anew.